(Hardin Co., O., Common Pleas.)

JOHN W. ABEL ET AL. v. THE BOARD OF COUNTY COMMISSIONERS OF HARDIN COUNTY ET AL.

The Board of County Commissioners in a proceeding under the ditch laws, for the improvement of a river, have no authority to change the termini designated in the petition for such improvement.

---

Dow, J.

It appears from the pleadings and the admitted record evidence that prior to the 12th of February, 1898, the county commissioners of Hardin county had, upon petition, under the provisions of sec. 4447 of Revised Statutes and of the subsequent sections of the ditch laws, improved the Scioto River by widening, straightening and deepening the same, and that the lands of plaintiffs were assessed for such improvement.

On the last mentioned date a petition was filed with the auditor of said county by J. R. Dunlap and others praying for the improvement of said river a second time, from the McDonald pike to the Strang pike by deepening and widening the same. The auditor fixed the 22nd of March as the day for the hearing of said petition by said commissioners.

In the meantime and on the 28th of February, J. H. Burrison requested in writing that the beginning point of the Dunlap improvement be changed so that the improvement of said river should begin at a point about two miles further up stream, and at the Hardin and Auglaize county lines, and continue to the lower terminus of the proposed improvement.

On the day fixed for the hearing the commissioners met on the line of the proposed improvement and found the improvement petitioned for, to be necessary and conducive to the public health, convenience and welfare; and also found in favor of a number of laterals, and also made the following order: "On petition of J. H. Burrison and others the line of main ditch as petitioned for was extended from the commencing point of said ditch to the claypool bridge or county line, and there terminate "

It is claimed by plaintiffs that the order changing the beginning point of said improvement to the county line was unauthorized and illegal.

1. Because it was founded upon an independent petition and no bond was filed therewith as required by statute.

2. Because the commissioners had no authority to change the termini of said improvement.

The petition filed by Burrison and others was nothing more than a mere request that the beginning point of the improvement petitioned for by Dunlap be extended two miles further up stream, and as far as it is concerned, the commissioners had as full authority to make the change without the petition as with it.

The next question to be determined

in this case is whether upon proceedings had before county commissioners under sec. 4448 of Revised Statutes for the improvement of rivers they are authorized to begin the improvement at a point two miles further up stream than the point designated in the petition.

In the construction and improvement of ditches and rivers, county commissioners have such powers as are expressly given by statute. Sec. 4448 provides "The commissioners may change either terminus of such ditch before its final location, if the object of the improvement will be better accomplished thereby". Under these provisions of the statute the county commissioners have authority upon view to change the termini of a proposed ditch improvement if in their judgment in doing so, the purpose and object of the petitioners, in the matter will be better accomplished.

But does this authority extend to a river improvement, such as proposed? The reason for the authority in ditch cases is because often, upon a survey and view, it is apparent that in order to better drain the lands affected, the purpose in view will be more fully accomplished by changing either terminus; but the Scioto river is a navigable stream, so designated by the acts of congress; the banks of which are well defined; it is a natural stream; already located and constructed; hence the legislature by the express provisions of sec. 4447 has limited the authority of county commissioners so far as improving rivers are concerned to "straightening, widening, deepening or changing the same, while the same section gives to such boards the authority to locate and construct, straighten, widen, alter, deepen, box or tile any ditch, drain or water course.

In construing a statute every phrase contained therein must be given a different meaning if it can reasonably be done. So far as the word "ditch" is concerned, the legislature has clearly limited its meaning, sec. 4448. "The word 'ditch' shall include a drain or water course"; if the legislature had intended to include a "river" under the definition of a ditch, it would have so stated. And as the statute authorizing commissioners to change either terminus is expressly limited to ditches, and as I fail to see any reason why it should apply to river improvements, the holding of the court is, that under the petition for the improvement of the river, the commissioners are limited to the termini designated in the petition, and the proceedings of the defendant commissioners and engineer so far as it is sought to improve said river beyond the termini so designated and the construction of all laterals proposed that will enter said river above the beginning point designated in said petition are hereby declared to be null and void, and all assessments proposed to be levied for so much of said improvement as is unauthorized will be perpetually enjoined.

Judgment against the Board of County Commissioners for costs.

*Johnston & Johnston* and *F. C. Daugherty*, for plaintiffs.

*Crow, Durbin & T. C. Mahon*, for defendants.